UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

03-61585

CIV-ZLOCH

MAGISTRATE JUDGE
SNOW

JOHN G. MOMPREMIER,
ON BEHALF OF HIMSELF
AND SIMILARLY SITUATED
EMPLOYEES OF DEFENDANT,

Plaintiffs,

VERSUS

CITY FURNITURE, INC.,

Defendant.

NIGHT BOX
FILED

AUG 15 2003

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### REPRESENTATIVE WAGE AND HOUR ACTION
### UNDER THE FAIR LABOR STANDARDS ACT

The Representative Wage and Hour Action, under the Fair Labor Standards Act, of JOHN G. MOMPREMIER, on behalf of himself and similarly situated employees of Defendant, avers:

**Statutes**

1. Plaintiff brings this action under the Fair Labor Standards Act of 1938, *as amended*, 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime wages, an additional equal amount as liquidated damages, judicial interest, costs of this litigation, and reasonable attorneys' fees.

**Jurisdiction**

2. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this matter arises under the laws of the United States of America, specifically the Fair Labor Standards Act of 1938, *as amended*, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA" or "the Act").



## Parties Plaintiff

3. Made plaintiff herein is **JOHN G. MOMPREMIER**, a person of full age of majority, domiciled and residing in Broward County, Florida. JOHN G. MOMPREMIER's Consent to Join Into Representative Wage and Hour Action under the Fair Labor Standards Act is attached hereto and incorporated herein by reference as Exhibit "A."

4. At all material times herein, Plaintiff JOHN G. MOMPREMIER was an employee of Defendant, as set forth below, and frequently worked in excess of forty hours per week. He was employed by Defendant as a driver, helper, and furniture mover.

5. Pursuant to the provisions of 29 U.S.C. § 216(b), Plaintiff JOHN G. MOMPREMIER is proceeding for and on behalf of himself and **similarly situated employees** of Defendant who are or were employed as drivers, helpers, and/or furniture movers, or in a similar position, by Defendant at any time during the three years prior to their filing of consents in the above-styled action.

6. Plaintiff JOHN G. MOMPREMIER anticipates that additional present and former employees of Defendant, i.e., "similarly situated employees," will file written consents pursuant to 29 U.S.C. § 216(b) to join as party plaintiffs.

## Parties Defendant

7. Made defendant herein is **CITY FURNITURE, INC.**, a Florida corporation authorized to do and doing business in Broward County, Florida.

8. At all relevant times herein, CITY FURNITURE, INC. was and is an enterprise engaged in commerce pursuant to the FLSA and met the FLSA's definition of "employer."

## Facts

9. At all material times, Defendant employed Plaintiff and similarly situated employees as drivers, helpers, and/or furniture movers, or in a similar position.

10. Plaintiff and similarly situated employees were employed by Defendant in Florida.

11. At all material times, Defendant directed and controlled the terms, conditions, activities, duties, and responsibilities of Plaintiff's and similarly situated employees' employment.

12. During Plaintiff's employment by Defendant (11/00-8/02), and during similarly situated employees' employment, Plaintiff and similarly situated employees frequently worked in excess of forty hours per workweek, but were not paid one and one-half times their regular rates of pay for hours worked in excess of forty hours per workweek.

## COUNT I of I:
### Fair Labor Standards Act Overtime Claims by Plaintiff, on behalf of herself and similarly situated employees, against CITY FURNITURE, INC.

13. The allegations contained in paragraphs 1 through 12 are reasserted and incorporated by reference herein.

14. At all times relevant to the above-styled action, CITY FURNITURE, INC. was, within the meaning of the FLSA, an "employer" and/or "joint employer" of Plaintiff and of similarly situated employees.

15. During each workweek that Plaintiff was employed by CITY FURNITURE, INC., Plaintiff was "non-exempt" within the meaning of the FLSA.

16. During each such workweek, Plaintiff's chief and primary job responsibilities consisted of manual labor.

17. During each workweek that similarly situated employees were employed by CITY FURNITURE, INC., similarly situated employees were "non-exempt" within the meaning of the FLSA.

18. During each such workweek, similarly situated employees' chief and primary job responsibilities consisted of manual labor.

19. Pursuant to 29 U.S.C. § 207, CITY FURNITURE, INC. was required not to employ its "non-exempt" employees, including Plaintiff and similarly situated employees, for a workweek longer than forty hours without paying compensation for their employment at rates not less than one and one-half times the employees' regular rates of pay.

20. During the employment of Plaintiff by CITY FURNITURE, INC., and of similarly situated employees during their respective periods of employment, Plaintiff and similarly situated employees frequently worked in excess of forty hours in a workweek.

21. However, CITY FURNITURE, INC., with reckless disregard of the provisions of the FLSA, and continually and as a continuing violation, failed to pay to them all overtime compensation in violation of 29 U.S.C. § 207(a).

22. Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, Plaintiff and similarly situated employees are entitled to recover from CITY FURNITURE, INC. their unpaid overtime compensation, interest, an additional equal amount as liquidated damages, and are entitled to other appropriate legal and equitable relief, all costs of these proceedings, judicial interest, and attorneys' fees.

**Jury Request**

23. Plaintiff and similarly situated employees request a trial by jury for all issues so triable.

## Prayer

WHEREFORE, JOHN G. MOMPREMIER, and similarly situated employees of CITY FURNITURE, INC., pray that after due proceedings, there be judgment rendered herein in favor of JOHN G. MOMPREMIER, and similarly situated employees, and against CITY FURNITURE, INC., in the full amount of their unpaid overtime compensation, plus an equal amount as liquidated damages, and all other damages to which they may be entitled to in the premises, costs, attorneys' fees, and judicial interest.

Respectfully submitted:

_____
STEVEN F. GROVER (Fla. Bar No. 131296)
LAW OFFICE OF STEVEN F. GROVER
ONE E. BROWARD BLVD., SUITE 700
FT. LAUDERDALE, FL 33301
TEL. (954) 356-0005
FAX (954) 356-0010
*PLAINTIFF'S COUNSEL*

Mompremier.Complaint

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JOHN G. MOMPREMIER,
ON BEHALF OF HIMSELF
AND SIMILARLY SITUATED
EMPLOYEES OF DEFENDANTS,

    Plaintiffs,

VERSUS

CITY FURNITURE, INC., ET AL,

    Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### CONSENT TO JOIN INTO
### REPRESENTATIVE WAGE AND HOUR ACTION
### UNDER THE FAIR LABOR STANDARDS ACT

    I, **JOHN G. MOMPREMIER**, hereby consent to being a plaintiff in the Representative Wage and Hour Action brought by myself, both on my own behalf and on behalf of similarly situated employees of Defendants. I hereby authorize Steven F. Grover, P.A. to pursue my rights in this Action brought under the Fair Labor Standards Act of 1938 ("FLSA"), *as amended*, 29 U.S.C. 201 *et seq.*, and other laws. This Consent is filed out of an abundance of caution, as doing so is not legally required of the representative plaintiff in a FLSA collective action.

                                                          _____
                                                          JOHN G. MOMPREMIER

                                                                                                      EXHIBIT "A"

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JOHN MOMPREMIER, ON BEHALF OF HIMSELF AND SIMILARLY SITUATED EMPLOYEES OF DEFENDANT

## DEFENDANTS
CITY FURNITURE, INC.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: BROWARD
(EXCEPT IN U.S. PLAINTIFF CASES)

**03-61585 CIV-ZLOCH**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

NIGHT BOX FILED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
STEVEN F. GROVER, P.A.
ONE E. BROWARD BLVD., #700
FT. LAUDERDALE, FL 33301
TEL. 954-356-0005

ATTORNEYS (IF KNOWN)

MAGISTRATE JUDGE SNOW

AUG 15 2003
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:03CV 61585 Zloch-Snow
61585

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability / ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / B☐ 530 General | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | / A☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions A OR B |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / B☐ 550 Civil Rights | | | |
| | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
FAIR LABOR STANDARDS ACT, 29 USC 201 ET SEQ. — OVERTIME PAY

LENGTH OF TRIAL
via 12 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 8/14/03

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 538866  AMOUNT 150.00  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____